# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-189V
**Filed: January 12, 2015**

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | * | UNPUBLISHED |
| ITZA MEJIA, as mother and natural | * | |
| guardian of B.M., and SAMUEL MEJIA | * | |
| as father and natural guardian of B.M., | * | |
| | * | Special Master Dorsey |
| Petitioners, | * | |
| | * | |
| v. | * | |
| | * | Joint Stipulation on Damages; |
| SECRETARY OF HEALTH | * | Hepatitis A vaccine; Seizures; |
| AND HUMAN SERVICES, | * | Death. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * | | |

Jeffrey S. Pop, Beverly Hills, CA, for petitioner.
Gordon Elliot Shemin, United States Department of Justice, Washington, DC, for respondent.

**DECISION**[1]

On March 6, 2014, Itza and Samuel Mejia ("petitioners") filed a petition for compensation on behalf of their minor child, B.M., pursuant to the National Vaccine Injury Compensation Program.[2]  42 U.S.C. §§ 300aa-1 to -34 (2006).  Petitioners alleged that B.M.'s death was a result of a hepatitis A vaccine administered to her on March 5, 2012.  See Petition at 1.

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)).  As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party:  (1) that is a trade secret or commercial or financial in substance and is privileged and confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy."  Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2006) (Vaccine Act or the Act).  All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

On January 9, 2015, the parties filed a stipulation, stating that a decision should be entered awarding compensation.

Respondent denies that B.M.'s death was caused in fact by her receipt of the hepatitis A vaccine and denies that the hepatitis A vaccine caused any other injury. Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulated that petitioner shall receive the following compensation:

**A lump sum of $200,000.00, in the form of a check payable to petitioners as the legal representatives of B.M.'s estate**. This amount represent compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

Stipulation ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

s/ Nora Beth Dorsey
Nora Beth Dorsey
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

ITZA MEJIA, as mother and natural guardian of B.M., and SAMUEL MEJIA, as father and natural guardian of B.M.,

      Petitioners,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

      Respondent.

No. 14-189V
Special Master Dorsey
ECF

## STIPULATION

The parties hereby stipulate to the following matters:

1. On March 6, 2014, Itza Mejia, petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §§ 300aa-10 to -34 (the "Vaccine Program") on behalf of her daughter B.M., deceased. Petitioner subsequently amended the caption to include Samuel Mejia, the father of B.M., as a petitioner. The petition seeks compensation for death allegedly related to B.M.'s receipt of the Hepatitis A ("Hep A") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. B.M. received a Hep A vaccine on or about March 5, 2012.

3. The vaccination was administered within the United States.

4. Petitioners allege that B.M. died as a result of the vaccination.

5. Petitioners represent that there has been no prior award or settlement of a civil action for damages on B.M.'s behalf as a result of her death.

6. Respondent denies that B.M.'s death was caused-in-fact by the Hep A vaccine, and

1

denied that the Hep A vaccine caused any other injury.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioners have filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $200,000.00, in the form of a check payable to petitioners as the legal representatives of B.M.'s estate. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioners have filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioners and their attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

11. Payments made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. Petitioners represent that they presently are, or within 90 days of the date of judgment will become, duly authorized to serve as the legal representatives of B.M.'s estate under the laws of the State of California.

13. In return for the payments described in paragraphs 8 and 9, petitioners, in their individual capacities, and as legal representatives of the estate of B.M., on behalf of themselves and B.M.'s heirs, executors, administrators, successors or assigns, do forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300 aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the Hep A vaccination administered on or about March 5, 2012 as alleged in a petition for vaccine compensation filed on or about March 6, 2014, in the United States Court of Federal Claims as petition No. 14-189V.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the

parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the Hep A vaccine caused B.M.'s death or any other injury.

17. All rights and obligations of petitioners hereunder shall apply equally to petitioners' heirs, executors, administrators, successors, and/or assigns.

## END OF STIPULATION

/

Respectfully submitted,

PETITIONER:

_[signature]_
ITZA MEJIA

ATTORNEY OF RECORD FOR
PETITIONERS:

_[signature]_
JEFFREY S. POP
Jeffrey S. Pop & Associates
9107 Wilshire Blvd., Suite 700
Beverly Hills, CA 90210
(310) 273-5462

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

_[signature]_ For
A. MELISSA HOUSTON M.D., M.P.H., FAAP
Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

Dated: 1/9/15

PETITIONER:

_[signature]_
SAMUEL MEJIA

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

_[signature]_
by _[signature]_
VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

ATTORNEY OF RECORD FOR
RESPONDENT:

_[signature]_
by _[signature]_
GORDON SHEMIN
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
Tel: (202) 616-4208

5